IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:18-cv- 00484-BO

| | |
|---|---|
| EPIC GAMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **FED. R. CIV. P. 56(D) AFFIDAVIT OF** |
| ) | **CHRISTOPHER M. THOMAS** |
| BRANDON LUCAS and COLTON ) | |
| CONTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Christopher M. Thomas, appearing before the undersigned notary and having first been duly sworn, states as follows:

1. I am over 18 years of age, suffer from no known disability, and have personal knowledge of the facts set forth herein. All the statements in this affidavit are true and correct.

2. I am counsel for Epic Games, Inc. ("Epic" or "Plaintiff"), Plaintiff in the above-captioned case.

3. I have reviewed the paper filed by Defendant Brandon Lucas ("Defendant" or "Lucas") styled "Motion to Dismiss the Complaint" [D.E. 13] ("Defendant's Motion") along with Defendant's accompanying affidavit [D.E. 13-1] ("Defendant's Affidavit").

4. I prepared and filed Plaintiff's Response to Defendant Lucas' Motion to Dismiss the Complaint ("Epic's Response").

5. Under Fed. R. Civ. P. 12(d), when a party files a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and presents matters outside the pleadings to the court and the court does not exclude such matters, the motion to dismiss under Rule 12(b)(6) is converted to a motion for

PPAB 4586665v1

Case 5:18-cv-00484-BO   Document 15   Filed 12/03/18   Page 1 of 5

summary judgment under Rule 56. Under such circumstances, the nonmovant may, pursuant to Rule 56(d), show by affidavit that "it cannot present facts essential to justify its opposition" so that the court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." *Id.*

6. As stated in Epic's Response, Epic has not had the opportunity to conduct any discovery at all in this matter. The issues have not yet joined, the scheduling conference has not yet occurred, and Epic has not had the opportunity to request documents, submit interrogatories, or cross examine witnesses. I believe that discovery will be necessary for Epic to obtain and present certain facts and information essential to present an opposition to Defendant's Motion, if the motion is converted into a motion for summary judgment.

7. Given the very early stage of the case, it is not yet entirely clear precisely what sort of information Epic will need to obtain to respond to such a motion.

8. Below is an under-inclusive list of the information Epic would need to obtain in order to oppose Defendant's Motion if it were converted into a motion for summary judgment.

    (a) The names, contact information, and other identifying information for all alleged owners, employees, and affiliates of Defendant's YouTube channels, the Cheat Websites (as that term is defined in the Complaint [D.E. 2]), any provider of cheat software, and Defendant's social media accounts;

    (b) Documents related to the cheat software used by Defendant while playing Fortnite;

2

PPAB 4586665v1

Case 5:18-cv-00484-BO   Document 15   Filed 12/03/18   Page 2 of 5

(c) Documents related to any agreements Defendant has with other person or entity related to Defendant's use of cheat software in connection with Fortnite;

(d) The names, contact information, and other identifying information for all the uploaders and/or posters of Defendant's infringing videos (as that term is defined in the Complaint [D.E. 2]);

(e) The names, contact information, and other identifying information for the person or entity described in ¶ 7 of Defendant's Affidavit;

(f) Information regarding the cheat software the Defendant has used, promoted, created, or sold, and information related to the manner in which Defendant obtained, used, promoted, created, or sold it;

(g) Defendant's tax returns;

(h) Information related to Defendant's agreements with advertisers, websites, and apparel manufacturers;

(i) Information related to donations Defendant has received, payments or other value Defendant has received related in any way to Defendant's YouTube channels, posts, or streaming on any platform, videos, social medial posts, website, or other platform;

(j) Defendant's promotion of any cheat software that was used, or that was designed to be used, in any Fortnite game;

(k) Communications between Defendant and Defendant Colton Conter regarding the cheat software, the YouTube videos, and the other information; and

3

PPAB 4586665v1

Case 5:18-cv-00484-BO   Document 15   Filed 12/03/18   Page 3 of 5

(l) Any information related to any of Epic's claims against Defendant.

9. In my opinion, summary judgment at this stage of the litigation would be premature. Epic requests sufficient time to pursue discovery in this litigation in order to be in a position to properly prosecute its claims against Defendant, and further respectfully requests the Court decline to convert Defendant's Motion to Dismiss into a Motion for Summary judgment or to accept the unsworn declaration.

This the 3rd day of December, 2018.

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem D. Delphry
N.C. State Bar No. 47697
tasneemdelphry@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 832-4626
Facsimile: (919) 834-4564

*Attorneys for Plaintiff*
*Epic Games, Inc.*

SWORN TO and subscribed before me

this the 3rd day of December, 2018.

Notary Public

My Commission Expires: 02|05|23



## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **AFFIDAVIT OF CHRISTOPHER M. THOMAS** was electronically filed this day with the Clerk of Court using the CM/ECF system and that a true and accurate copy of it was sent to all parties to this cause by depositing the original and/or copy hereof, postage pre-paid, in the United States mail, addressed as follows:

>Brandon Lucas
11211 South Military Trail
Apt. #5021
Boynton Beach, FL 33436
juniorolympicgold@gmail.com
*Defendant, pro se*

>Justin Eldreth
Klish & Eldreth PLLC
115 S Saint Marys St Ste C
Raleigh, NC 27603
Email: justin@klisheldreth.com
*Attorney for Defendant Colton Conter*

This the 3rd day of December 2018.

>/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem D. Delphry
N.C. State Bar No. 47697
tasneemdelphry@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 832-4626

>*Attorneys for Plaintiff*
*Epic Games, Inc.*