UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-484-BO

| | |
|---|---|
| EPIC GAMES, INC., | ) |
|     Plaintiff, | ) |
| v. | )    O R D E R |
| BRANDON LUCAS and COLTON CONTER, | ) |
|     Defendants. | ) |

This matter is before the Court on defendant Brandon Lucas's *pro se* motion to dismiss. [DE 13]. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 13] is DENIED.

## BACKGROUND

In October 2018, plaintiff initiated this action against two individuals, Brandon Lucas and Colton Conter, for copyright infringement, breach of contract, tortious interference with contract, and violations of the North Carolina Unfair and Deceptive Trade Practices Act.

Plaintiff is a Cary, North Carolina-based video game and software developer. Plaintiff is the creator of Fortnite, a popular co-op survival game. Plaintiff is the owner of all rights and interests in the Fortnite copyrights, including the underlying computer software and the audiovisual works created by the software. Defendants are two individuals who allegedly developed and injected software into the Fortnite game that gave them an unfair advantage over other players, and then promoted the software in YouTube videos and sold it online.

In November 2018, defendant Lucas moved to dismiss plaintiff's claims against him, alleging in an attached affidavit that he does not own the YouTube channel where the cheat videos were posted, does not own the YouTube videos themselves, does not own the website that sells

the cheats, does not "inject code into the game files that modifies Fortnite," and is "the wrong Defendant in this litigation." [DE 13-1].

## DISCUSSION

Plaintiff argues that defendant's motion should be construed as a motion to dismiss under Rule 12(b)(7) for improper joinder or, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. While defendant Lucas maintains that he is not the proper defendant in this action, as he is a *pro se* litigant, the Court believes that it more likely that defendant Lucas was moving to dismiss the claims against him as being deficient in their own right, and not moving to dismiss because plaintiff had failed to join another party under Rule 19. As such, the Court construes defendant Lucas's motion to dismiss as a motion under Rule 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. Here, defendant Lucas has provided only a one-page motion to dismiss and an affidavit. The Court cannot consider the affidavit without converting defendant's motion into a motion for summary

judgment under Rule 56. Even if the Court *could* consider the affidavit, however, it does not allege any grounds that would support a motion to dismiss. Defendant Lucas effectively argues that plaintiff has the wrong guy, and that it was someone else who infringed plaintiff's copyrights, not him. But this is a question of fact and does not establish that plaintiff's claims are deficient. At this stage of the proceedings, plaintiff's well-pleaded allegations must be accepted as true. Plaintiff's claims are facially plausible and, thus, dismissal is inappropriate. Defendant's motion to dismiss must be denied.

## CONCLUSION

For the reasons discussed above, defendant Lucas's motion to dismiss [DE 13] is DENIED. Under Federal Rule of Civil Procedure 12(a)(4), defendant shall have 14 days from notice of this order to file an answer to plaintiff's complaint.

SO ORDERED, this __10__ day of January, 2019.

                                          TERRENCE W. BOYLE
                                          CHIEF UNITED STATES DISTRICT JUDGE