EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:18-cv-00484-BO

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRANDON LUCAS and COLTON CONTER, <br><br> Defendants. | **STIPULATED ORDER AND PERMANENT INJUNCTION ON CONSENT** |

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") and Defendant Brandon Lucas ("Lucas") (together, the "Parties") have reached an agreement to settle the above-captioned action and consent to the entry of this Stipulated Order and Permanent Injunction on Consent (the "Consent Order") based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of entry of this Consent Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

- This Court has proper jurisdiction over the subject matter in this litigation under 28 U.S.C. §§ 1331, 1338(a), and 1367(a) because this action arises under 17 U.S.C. §§ 106 and 501, *et. seq.* (D.E. 2 at ¶¶ 1, 12.)

- This Court has personal jurisdiction over Lucas because Lucas consented to jurisdiction in this District. (*Id.* at ¶ 13.) Lucas entered into contractual agreements with Epic, the terms of which included his consent to be subject to the exercise of jurisdiction

1

over him by this Court. (*Id.* at ¶¶ 13, 37-38, 50-52.) This Court also has personal jurisdiction over Lucas because Lucas has purposefully availed himself of the privileges of conducting activities and doing business in the State of North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws and repeatedly accessing Epic's servers under the terms of the aforementioned agreements, which are located in this District. (*Id.* at ¶ 13.) This Court shall retain jurisdiction over Lucas for the purpose of implementing and enforcing this Consent Order.

- Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). (*Id.* at ¶ 14.) Venue is also proper in this District because, among other things, Lucas entered into contractual agreements with Epic, the terms of which included his consent to this District being the proper venue. (*Id.* at ¶¶ 14, 37, 51.)

- Epic, a Maryland corporation with its principal place of business in Wake County, North Carolina, is the creator of Fortnite®, a co-op survival and building action game, and the owner of all the intellectual property related to Fortnite, including, without limitation, registered copyrights in Fortnite as set out below. (*Id.* at ¶ 15; *see also id.* at ¶¶ 18-28.)

- Lucas, an individual, is a resident and citizen of Florida. (*Id.* at ¶ 16.)

- In order to access Epic's services, Lucas created an account with Epic and agreed to Epic's Terms of Service (the "Terms"). (*Id.* at ¶ 155.) The Terms include a section setting forth the permissions users have with respect to Epic's intellectual property and the activities from which users are prohibited from engaging. (*Id.* at ¶¶ 31-46, *see also* D.E. 2-5)

2

- Lucas created several accounts to access Epic's services, including Fortnite, and downloaded and accessed Fortnite on his PC. (D.E. 2 at ¶¶ 31, 103.)

- In creating his Epic accounts to access Epic's servers, Lucas affirmatively agreed to abide by the Terms, which a created valid, enforceable contract between Epic and Lucas. (*Id.*)

- In order to play Fortnite, Lucas agreed to Fortnite's End User License Agreement ("EULA"). (*Id.* at ¶ 155.) The EULA includes a "License Conditions" section, which sets out certain prohibited activities. (*Id.* at ¶¶ 47-59; *see also* D.E. 2-6.)

- In downloading and accessing Fortnite, Lucas also read and affirmatively agreed to abide by the EULA, which created a second valid, enforceable contract between Epic and Lucas. (D.E. 2 at ¶¶ 9, 57, 103)

- Epic met all of its obligations under the Terms and the EULA. (*Id.* at ¶ 157.)

- Epic is the author and owner of all the rights in and title to valid and enforceable copyrights in Fortnite including, without limitation, in its computer software and the audio-visual works the code creates. (*Id.* at ¶ 29.) Epic's copyrights in certain versions of Fortnite's compuete code are the subjects of U.S. Copyright Registration Nos. TXu01-895-864 (dated December 18, 2013), TX008-186-254 (dated July 14, 2015), TX008-254-659 (dated March 3, 2016), TX008-352-178 (dated December 23, 2016), and TX0008-507-210 (dated March 21, 2018), among others. (*Id.* at ¶¶ 29-30; *see also* D.E. 2-4.)

- Lucas publicly displayed the use of cheat software ("cheats" or "hacks") to

3

third parties for personal gain via his YouTube channel, "Golden Modz", by playing in squads with players who were using cheats while playing Fortnite in at least nine videos posted on his YouTube channel between August 11, 2018 and September 18, 2018. (*Id.* at ¶¶ 87-88; D.E. 2-14.)

- Lucas promoted his YouTube channel in various ways, including using his Twitter account, "@Golden_Modz," Instagram account, "@golden_modz," and his Google+ account, "GoldenModz." (D.E. 2 at ¶¶ 95, 97-98; D.E. 2-16, 2-17, 2-18.)

- On or around September 21, 2018, Epic submitted Digital Millennium Copyright Act ("DMCA") take down notifications, which containing all the statutorily-required elements, to YouTube, and asked YouTube to remove Lucas' videos. (D.E. 2 at ¶ 92.) YouTube removed the complained-of videos. (*Id.*)

- On September 26, 2018, following YouTube's removal of the videos, Lucas submitted a counter notification responding to Epic's DMCA notifications. (*Id.* at ¶ 93; D.E. 2-15.) Lucas' submission of the counter notification commenced a 10-day period at the end of which Epic was statutorily required to file an action against Lucas seeking to restrain Lucas from engaging in infringing activity. (*Id.*) Had Epic failed to do so, YouTube would have restored Lucas' videos. (*Id.* at ¶ 3.)

- Lucas infringed Epic's copyrights in Fortnite by creating and publicly displaying unauthorized derivative works of Epic's copyright protected Fortnite code in videos of himself and/or others on Lucas' YouTube channel. (*Id.* at ¶¶ 115-132.)

- Lucas breached both the Terms and the EULA in violation of North Carolina law by, among other things, distributing, displaying publicly, performing publicly,

4

republishing, and/or transmitting Fortnite in a way specifically prohibited by the EULA and the Terms; and distributing unauthorized software programs to gain advantage in any online or other game modes; and/or behaving in a manner which is detrimental to the enjoyment of Fortnite by others, all of which violated the EULA and the Terms. (*Id.* at ¶¶ 150-159.)

- Lucas' violations of the Copyright Act and breaches of his agreements with Epic have caused, and continue to cause, Epic great and irreparable injury that cannot be fully compensated or measured in money. (*Id.* at ¶ 11, 129-131, 159.) Epic has no adequate remedy at law for Lucas' wrongful conduct because Epic's copyrights are unique and valuable property that have no readily determinable market value, Lucas' infringement constitutes an interference with Epic's goodwill and customer relations, and Lucas' wrongful conduct, and the damages resulting therefrom, are continuing. (*Id.*) Accordingly, the Parties consent to the below Permanent Injunction, and enter into this Consent Order voluntarily after consulting with counsel and waive any rights to appeal from it.

- It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

- Defendant, Brandon Lucas, along with his agents, representatives, partners, joint venturers, servants, employees, and all those persons or entities acting in concert or participations with him will immediately destroy all copies of any cheat software in his possession, custody, or control that can be used to infringe any of Epic's copyrights, or cheat at any of Epic's games, and any videos in which such cheat software is used, and is **PERMANENTLY ENJOINED and RESTRAINED** from:

5

- infringing any of Epic's currently existing or future copyrighted works, including without limitation, by (a) using any software or device that copies or modifies Epic's software in violation of the Copyright Act, (b) creating an unauthorized derivative work based on any of Epic's games or in any game that Epic creates, develops, publishes, or sells; (c) distributing, publicly performing, or publicly displaying any unauthorized derivative work based on any of Epic's games or in any game that Epic creates, develops, publishes, or sells;
- creating, writing, developing, advertising, promoting, and/or distributing anything that infringes Epic's works now or hereafter protected by any of Epic's copyrights;
- violating Epic's Terms of Service;
- violating any of Epic's End User Licensing Agreements to which Lucas is a or becomes a party;
- violating any other contract between Lucas and Epic that is now in existence or that Lucas and Epic enter into at any time in the future;
- interfering with any of Epic's contractual agreements with others;
- cheating at any of Epic's games or at any game that Epic subsequently develops, creates, or publishes;
- posting or otherwise making accessible to third parties through any platform any video or other communicative work that portrays or promotes

6

cheating in any of Epic's games, or in any game that Epic creates, develops, publishes or sells, including without limitation, by using, pretending to use, or mentioning the use of any cheat software in such communicative work posted online or otherwise publicly available or accessible, and/or by posting hyperlinks or other information that facilitates access to cheat software;

- creating, writing, developing, advertising, promoting, selling, and/or distributing any software or tool that can be used to cheat while playing any of Epic's games or any game that Epic develops, creates, publishes, or sells at any time in the future;

- engaging in any other activity that constitutes or creates an infringement of any of Epic's copyrights, or of any of Epic's rights in, or rights to use or exploit, its copyrights;

- unfairly competing with Epic in any manner whatsoever; and/or

- assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referenced in paragraphs 21(a) through 21(g), above.

- For the purposes of this paragraph 20 only, the term "Epic" includes all of Epic's subsidiaries and affiliated companies.

7

Case 5:18-cv-00484-BO   Document 29-1   Filed 03/18/19   Page 8 of 11

- No bond or posting of security is required of the Parties in connection with the entry of this Consent Order.

- Plaintiff and Lucas acknowledge that they have knowingly and voluntarily entered into this Consent Order after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiff and Lucas understand the undertakings, obligations, and terms of this Consent Order.

- Except as to Lucas' obligations set forth in this Consent Order, Plaintiff's claims against Lucas in this Action are hereby dismissed <u>with prejudice</u>.

- This Consent Order is final and Plaintiff and Lucas each hereby waive their rights to appeal from this order.

- Nothing in this Consent Order precludes Plaintiff or Lucas from asserting any claims or rights that arise after Lucas' agreement to this Consent Order or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Lucas or Plaintiff in this Consent Order, or in the Settlement Agreement reached by the Parties.

- Nothing in this Consent Order precludes Plaintiff or Lucas from asserting any claims or rights against any third party.

- Lucas waives any objection under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) to paragraph 20, above.

- This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Order's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, liquidated damages of Five Thousand Dollars ($5,000); as well as (b) injunctive relief enjoining any further breach of this Consent Order, or such modifications to the present Consent Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

IT IS SO ORDERED this \_\_\_ day of _____, 2018.

---

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

*[Signature block on the following page]*

CONSENTED TO:

FOR THE PLAINTIFF:

/s/Christopher M. Thomas
Christopher M. Thomas (N.C. Bar No. 31834)
Email: christhomas@parkerpoe.com
Tasneem A. Dharamsi (N.C. Bar No. 47697)
Email: tasneemdelphry@parkerpoe.com
Parker, Poe, Adams, & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
*Attorneys for Plaintiff Epic Games, Inc.*

FOR THE DEFENDANT:

*Brandon Lucas* (signature)
Brandon Lucas